```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
URSZULA L. GEERTGENS,               :   13 Civ. 5133 (JCF)
                                    :
            Plaintiff,              :   MEMORANDUM
                                    :   AND  ORDER
    - against -                     :
                                    :
CAROLYN W. COLVIN, Acting           :
Commissioner of Social Security,    :
                                    :
            Defendant.              :
- - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Plaintiff Urszula Geertgens brings this action under Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of the determination of the Commissioner of Social Security ("the Commissioner") denying her application for Widow's Insurance Benefits. The parties have submitted cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons that follow, I deny the defendant's motion, grant the plaintiff's motion, and remand the case to the Commissioner.

Background

    A. Personal History

Ms. Geertgens was born on September 23, 1946. (R. at 40).[1]

---

[1] "R." refers to the Administrative Record filed with the Commissioner's Answer.

She married Glen Geertgens on January 23, 1970.  (R. at 89-90).  They were married for approximately twenty-seven years before being divorced on February 28, 1997.  (R. at 91-95, 112).

Ms. Geertgens applied for disability benefits on December 15, 1997.  (R. at 16).  She was deemed to be disabled beginning August 1, 1982, and entitled to benefits effective December 1996.  (R. at 16, 113).

On April 5, 2003, at the age of fifty-six, Ms. Geertgens married Carmen J. Recce.  (R. at 98, 112).  They remained married as of March 2014.  (Affidavit of Urzula Geertgens dated March 24, 2014, attached to Notice of Motion, ¶ 4).

Mr. Geertgens died on August 28, 2009.  (R. at 70).

B. Procedural History

On November 16, 2010, Ms. Geertgens filed an application for benefits as the surviving divorced wife of Mr. Geertgens.  (R. at 39-44).  A notice of disapproved claim was issued by the Social Security Administration ("the Administration") on November 17, 2010.  (R. at 49-51).  At Ms. Geertgens' request, the Administration reconsidered her application, but issued a second notice of disapproved claim on June 18, 2011.  (R. at 53-55).

Ms. Geertgens requested a hearing before an Administrative Law Judge ("ALJ") (R. at 56), and appeared pro se before ALJ Brian W. Lemoine on October 17, 2011 (R. at 104-20).  On October 25, 2011,

ALJ Lemoine issued a decision finding that Ms. Geertgens was not entitled to benefits as a surviving divorced spouse. (R. at 35-37). Ms. Geertgens, through counsel, requested a review of the ALJ's decision by the Appeals Council on December 16, 2011. (R. at 7-9). The Appeals Council denied her request on June 19, 2013, making the ALJ's decision the final decision of the Commissioner. (R. at 3-5).

Discussion

    A.   Standard of Review

A federal court "may set aside a decision of the Commissioner if it is based on legal error or if it is not supported by substantial evidence." Hahn v. Astrue, No. 08 Civ. 4261, 2009 WL 1490775, at *6 (S.D.N.Y. May 27, 2009) (internal citations and quotation marks omitted); see also Longbardi v. Astrue, No. 07 Civ. 5952, 2009 WL 50140, at *21 (S.D.N.Y. Jan. 7, 2009); Bonet v. Astrue, No. 05 Civ. 2970, 2008 WL 4058705, at *2 (S.D.N.Y. Aug. 22, 2008). Judicial review therefore involves two levels of inquiry. First, the court must decide whether the Commissioner applied the correct legal standard. Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); Calvello v. Barnhart, No. 05 Civ. 4254, 2008 WL 4452359, at *8 (S.D.N.Y. April 29, 2008). Second, the court must decide whether the decision was supported by substantial evidence. Tejada, 167 F.3d at 773; Calvello, 2008 WL 4452359, at *8. While

the Commissioner's "findings of fact, if supported by substantial evidence, are binding. . . . [t]his deferential standard of review is inapplicable [] to the [Commissioner's] conclusions of law." Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted). "Failure to apply the correct legal standards is grounds for reversal." Id.

    B.    Legal Requirements for Widow's Insurance Benefits

Under the Act, widows and surviving divorced wives[2] may both apply for "widow's insurance benefits" upon the death of a fully insured former spouse.[3] 42 U.S.C. § 402(e)(1). While such claimants typically may not receive widow's insurance benefits if they are remarried, 42 U.S.C. § 402(e)(1)(A), the Act will

---

[2] A surviving divorced wife is "a woman divorced from an individual who has died, but only if she had been married to the individual for a period of 10 years immediately before the date the divorce became effective." 42 U.S.C. § 416(d)(2).

[3] There are several eligibility requirements for widow's insurance benefits that are not at issue in Ms. Geertgen's case; the parties only dispute the requirements for remarried claimants. General requirements for widow's insurance benefits include (1) that the claimant "has attained age 60, or [] has attained age 50 but has not attained age 60 and is under a disability (as defined in section 423(d) of this title) which began before the end of the period specified in paragraph (4)," 42 U.S.C. § 402(e)(1)(B); (2) that she either has filed an application for widow's insurance benefits, was entitled to wife's insurance benefits during the month preceding the month in which the insured died, or was entitled to mother's insurance benefits during the month preceding the month in which she attained retirement age, 42 U.S.C. § 402(e)(1)(C); and (3) that she is not entitled to old-age insurance benefits in an amount more than the primary insurance amount of the deceased spouse, 42 U.S.C. § 402(e)(1)(D).

disregard a remarriage if: "a widow or surviving divorced wife marries after attaining age 60 (or after attaining age 50 if she was entitled before such marriage occurred to benefits based on disability under this subsection)," 42 U.S.C. § 402(e)(3).[4]

The regulations interpreting the Act state that to qualify as a remarried, surviving divorced spouse, an applicant must meet one of the following conditions:

(1) You remarried after you became 60 years old.

(2) You are now age 60 or older and you meet both of the conditions in paragraphs [i] and [ii] of this section:

    (i) You remarried after attaining age 50 but before attaining age 60.

    (ii) At the time of the remarriage, you were entitled to widow's or widower's benefits as a disabled widow or widower.

(3) You are now at least age 50 but not yet age 60 and you meet both of the conditions in paragraphs [i] and [ii] of this section:

    (i) You remarried after attaining age 50.

    (ii) You met the disability requirements in paragraph (c) of this section at the time of your remarriage (i.e., your disability began within the

---

[4] The requirements for disability insurance benefits are described in Section 223 of the Social Security Act. 42 U.S.C. § 423. The parties do not dispute that Ms. Geertgens met these requirements at the time of her remarriage. (See Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Support of the Commissioner's Motion for Judgment on the Pleadings ("Def. Memo.") at 2; Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Memo.") at 1).

specified time and before your remarriage).
20 C.F.R. § 404.336(e).

The issue in dispute in this case is whether Section 202(e)(3) of the Act, 42 U.S.C. § 402(e)(3), as interpreted by 20 C.F.R. § 404.336(e), requires a surviving divorced spouse's remarriage to have occurred after the death of the insured spouse for such a claimant to qualify for widow's insurance benefits.

### 1. The Plaintiff's Argument

Ms. Geertgens argues that she is entitled to widow's insurance benefits despite having remarried because the law disregards remarriages that occur when a claimant is both older than age fifty and disabled. (R. at 114 (citing Social Security Handbook § 406.2); Pl. Memo. at 1-2). Having submitted evidence that she was married to Mr. Geertgens for twenty-seven years (R. at 89-95) and that when she remarried, she was fifty-six years old (R. at 97) and disabled (R. at 40, 113), Ms. Geertgens argues that she has proven her entitlement to widow's insurance benefits. (Pl. Memo. at 1).

### ii. The Commissioner's Argument

The Commissioner interprets Section 404.336(e)(2)(ii) to mean that a remarried, surviving divorced spouse may only qualify for widow's insurance benefits if her remarriage occurred <u>after</u> the death of the insured individual. (R. at 36; Def. Memo. at 3-4). ALJ Lemoine's decision read 20 C.F.R. § 404.336 to "clearly

stipulate" that "an individual who remarried prior to age 60, and who was never established as eligible on her first husband's record at the time of remarriage, cannot become eligible on the record of the first spouse." (R. at 36). The decision acknowledged that Ms. Geertgens meets all other requirements under the applicable laws and regulations. (R. at 35-36 (noting that the plaintiff was married to Mr. Geertgens for more than ten years, was remarried after age fifty, and was disabled at the time of her remarriage)). Nonetheless, ALJ Lemoine found Ms. Geertgens ineligible because she "could not have been a surviving divorced wife at [the time of her remarriage] as her first husband was still alive at that point in time." (R. at 36).

The Commissioner supports ALJ Lemoine's interpretation, citing both the plain text of the regulation (Def. Memo. at 3), and the legislative history of the statute (Def. Memo. at 3-4). The Commissioner cites the House Report for the Social Security Amendments of 1983, which extended the exception to the "unmarried" requirement of Section 202(e) to cover not only those who were over sixty at the time of their remarriage, but also those who were over fifty and disabled at the time of their remarriage. H.R. Rep. No. 98-25(I) at 252, 1983 WL 25297, at *33-34 (March 24, 1983); (Def. Memo. at 4). The Commissioner reasons that because the House Report focuses on the "continuation of benefits" for the category

of claimants covered by the amendment,[5] the statute only applies to claimants seeking to continue existing coverage. (Def. Memo. at 4).

    2.   <u>The Regulatory History</u>

The Commissioner's interpretation of 20 C.F.R. § 404.336(e) is directly contradicted by the history of the regulation interpreting Section 202(e) of the Act. In 1986, the Administration published a Final Rule which, among other things, added the following requirement to 20 C.F.R. § 404.336(e): "In addition to meeting the requirements of paragraph (e)(1), (e)(2), or (e)(3) of this section, you remarried after the insured person died." Social Security Administration, HHS, Federal Old Age, Survivors and Disability Insurance Rule, 20 C.F.R. § 404.336(e)(4) (1986); Federal Old-Age, Survivors, and Disability Insurance, 51 Fed. Reg.

---

[5] The House Report states, in relevant part:

> Current law permits the continuation of benefits for surviving spouses who remarry after age 60. However, benefits for disabled or divorced disable widow(er)s (payable from age 50 to 60) who remarry prior to age 60 have their benefits terminated unless the new marriage is to certain auxiliary beneficiaries. . . . Your Committee's bill provides that the Social Security benefit of a disabled widow(er) or a divorced disabled widow(er) would not terminate if the beneficiary remarries before age 60.

H.R. Rep. No. 98-25(I) at 251-52, 1983 WL 25297, at *33 (March 24, 1983).

4,480-82 (Feb. 5, 1986) (to be codified at 20 C.F.R. pt. 404) ("In these final regulations, we are revising the rule on remarriage . . . . We specify that the surviving divorced spouse's remarriage must have occurred after the insured individual died."). Shortly thereafter, in a class action challenging the new section, the United States District Court for the Central District of California ruled that Section 404.336(e)(4) was an invalid and unenforceable interpretation of the Act. Pirus v. Bowen, No. CV 87-1141, 1987 WL 156204, at *2 (C.D. Cal. Nov. 19, 1987), aff'd, 869 F.2d 536 (9th Cir. 1989). In response to this ruling, the Administration issued a Final Rule in 1990 that removed Section 404.336(e)(4). Entitlement as a Surviving Divorced Spouse After Remarriage, 55 Fed. Reg. 25,299-300 (June 21, 1990) (to be codified at 20 C.F.R. pt. 404) ("We are now removing paragraph (e)(4) from 20 C.F.R. 404.336 so that our regulations will conform to the Pirus decision and reflect our current policy."). This alteration makes clear that, regardless of any ambiguity in the wording of Section 404.336(e), the regulation does not require a surviving divorced spouse's remarriage to have occurred after the death of the insured individual for the spouse to qualify for widow's insurance benefits.

    An agency's interpretation of its own regulation is "controlling unless 'plainly erroneous or inconsistent with the

regulation.'" Auer v. Robbins, 519 U.S. 452, 461 (1997) (quoting Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 359 (1989)). The Commissioner urges the court to defer to her interpretation of 20 C.F.R. § 404.336(e), to the extent that the text is ambiguous. (Def. Memo. at 4). However, where the Commissioner's interpretation is "not a permissible construction of either the statute or the regulation," it is "not entitled to deference." Oteze Fowlkes v. Adamec, 432 F.3d 90, 97 (2d Cir. 2005); accord Auer, 519 U.S. at 461. Here, the genesis of the current regulation makes clear that the Commissioner's reading of it is not tenable.

Conclusion

For the reasons stated above, I deny the defendant's motion for judgment on the pleadings (Docket No. 20) and grant the plaintiff's motion (Docket No. 14), vacate the Commissioner's decision denying the plaintiff's application, and remand the case solely for the calculation of benefits. The clerk of the court shall enter judgment accordingly.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
September 24, 2014

10

Copies mailed this date:

Helene M. Greenberg, Esq.
45 Knollwood Road, Fifth Floor
Elmsford, NY 10523

Joseph A. Pantoja, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007