```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
URSZULA L. GEERTGENS,              :    13 Civ. 5133 (JCF)
                                   :
              Plaintiff,           :    MEMORANDUM
                                   :    AND  ORDER
       - against -                 :
                                   :
CAROLYN W. COLVIN, Acting          :
Commissioner of Social Security,   :
                                   :
              Defendant.           :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/16

In September 2014, I vacated the decision of the Acting Commissioner of Social Security (the "Commissioner") denying plaintiff Urszula L. Geertgens' application for so-called "widow's insurance benefits" and remanded the case to the Commissioner for a calculation of benefits. On December 3, 2015, counsel for the plaintiff, Helene Migdon Greenberg, filed an application for attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, and the attorneys' fees provision of the Social Security Act, 42 U.S.C. § 406(b) ("Section 406(b)"). Ms. Greenberg's application is granted in part and denied in part.

Background

Ms. Geertgens proceeded pro se before the Social Security Administration from the time she filed her claim on November 17, 2010, through the agency's original disapproval of her claim, the

1

subsequent hearing before an Administrative Law Judge ("ALJ"), and the ensuing unfavorable decision, issued on October 25, 2011. (R. at 32-37, 49-51, 56-62, 104-09).[1]  On December 9, 2011, Ms. Geertgens hired Ms. Greenberg to represent her.  (R. at 10-11). Ms. Greenberg thereafter sought review of the ALJ's decision on Ms. Geertgens' behalf.  (R. at 7-9).  After the Appeals Council denied review (R. at 3-5), Ms. Greenberg filed this action.

This case turned on the interpretation of 42 U.S.C. § 402(e)(3) and its implementing regulation, 20 C.F.R. § 404.336(e). These provisions govern the situation in which a surviving divorced spouse can claim benefits on the death of a fully-insured former spouse.  Geertgens v. Colvin, No. 13 Civ. 5133, 2014 WL 4809944, at *2 (S.D.N.Y. Sept. 24, 2014).  Generally, a surviving divorced spouse may not claim such benefits if she remarries; however, a remarriage will be disregarded if a surviving divorced spouse who is entitled to disability benefits remarries after she attains the age of fifty, as Ms. Geertgens did.  Id. at *1-2.  The Commissioner argued that 20 C.F.R. § 404.336(e) allowed such benefits to be paid only if "[the] remarriage occurred after the death of the insured individual."  Id. at *2.  Because Ms. Geertgens remarried prior to

---

[1] Citations to "R." refer to the Administrative Record that the Commissioner filed with the Court as part of her answer to the complaint.

2

her former husband's death, the Commissioner denied her entitlement to these benefits. Id. at *2-3. I found that the history of the regulation and the text of the statute directly contradicted the Commissioner's position and therefore remanded the case to the Social Security Administration for a calculation of benefits. Id. at *3-4. This application eventually followed.

Discussion

    A.    The Statutes

The EAJA applies to civil actions brought by or against the United States or an agency or official acting in her official capacity, and requires a court, upon the application of a prevailing party other than the federal government, to award that party the reasonable fees and expenses it incurred in the litigation, subject to certain exceptions and other requirements. 28 U.S.C. § 2412(d). The coverage of Section 406(b) overlaps somewhat with the EAJA, and allows a court to award attorneys' fees to counsel for a plaintiff who receives an award of past-due benefits in an action under the Social Security Act, subject to a cap of 25 percent of the benefits awarded. 42 U.S.C. § 406(b)(1). This limitation is salutary because, unlike fees assessed under the EAJA, which are paid by the federal government, Section 406(b) awards are deducted from the plaintiff's past-due benefits. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); see also 28 U.S.C.

§ 2412(d)(4) (mandating payment of EAJA fees from agency funds); 42 U.S.C. § 406(b)(1)(A) (noting that fee awards are paid "out of, and not in addition to, the amount of [] past-due benefits").  In addition, if an attorney receives and award under both of these sections, she must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796 (alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186).

B.  Timeliness

1.  EAJA

An application for attorneys' fees under the EAJA must be filed within thirty days of the date that the judgment in favor of the plaintiff is no longer appealable.  28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G).  Because the Commissioner is allowed sixty days from the entry of judgment to file a notice of appeal, Fed. R. App. P. 4(a)(1)(B)(iii), the fee application must be filed on or before the ninetieth day after entry of judgment.  Here, that window closed ninety days after September 25, 2014 (Clerk's Judgment dated Sept. 25, 2014), that is, on December 24, 2014.  Ms. Greenberg filed her application on December 3, 2015, over eleven months late.

Courts in this district have "routinely" found that the time limit for filing an EAJA fee application is subject to equitable tolling.  Charles v. Colvin, No. 13 CV 3432, 2015 WL 403239, at *1

4

(E.D.N.Y. Jan. 29, 2015) (collecting cases); see also Allen v. Commissioner of Social Security, No. 10 Civ. 68, 2012 WL 1596661, at *2 (S.D.N.Y. April 27, 2012), report and recommendation adopted, 2013 WL 6331727 (S.D.N.Y. Dec. 5, 2013). Such tolling is appropriate "where a litigant can show that '[s]he has been pursuing h[er] rights diligently,'" but that she could not timely file an application because "some extraordinary circumstance stood in h[er] way." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Batchelder v. Astrue, No. 10-CV-267, 2012 WL 4513766, at *1 (N.D.N.Y. Oct. 1, 2012) ("The Court is empowered to equitably toll the time to apply for attorney's fees in circumstances where counsel has been unable to timely file despite due diligence."). However, excuses such as the press of business, procedural oversight, or "ordinary attorney neglect" are insufficient. See, e.g., Charles, 2015 WL 403239, at *1-2. Thus, establishing entitlement to equitable tolling is a high hurdle, see Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) -- one that might seem insurmountable where an attorney bungles a deadline as decisively as Ms. Greenberg did here. Perhaps understandably, then, she offers no excuse for her delinquency, and she is not, therefore, entitled to fees under the EAJA. See, e.g., Batchelder, 2012 WL 4513766, at *1.

2.   Section 406(b)

The Social Security Act does not require a fee application to be filed within any specific time limit, which, oddly, makes the timeliness question somewhat more complicated.

This case was remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g).  See Geertgens, 2014 WL 4809944, at *4; cf. Garland v. Astrue, 492 F. Supp. 2d 216, 218 n.2 (E.D.N.Y. 2007) (noting that a remand due to legal error "is consistent with a sentence four remand" even if the opinion does not explicitly cite sentence four).  Such a remand "is a final judgment that divests the court of jurisdiction."  Garland, 492 F. Supp. 2d at 219 (citing Shalala v. Schaefer, 509 U.S. 292, 299-302 (1993)).  Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure allows a motion for attorneys' fees to be filed fourteen days after entry of judgment in the absence of a statute or court order providing otherwise.  But as the court in Walker v. Astrue, 593 F.3d 274 (3d Cir. 2010), noted, because an award of past-due benefits is a condition precedent to a Section 406 fee application, any motion filed within Rule 54(d)'s time limit would almost invariably be premature.  See id. at 278; see also Allen, 2012 WL 1596661, at *4; Garland, 492 F. Supp. 2d at 219-20.  The Walker Court therefore applied equitable tolling to the period between the entry of judgment and the award of benefits, holding that an application is

timely as long as it is filed within fourteen days of the Commissioner's Notice of Award. <u>Walker</u>, 593 F.3d at 279-80. Other courts have held that a Section 406(b) fee petition should be filed under Rule 60(b)(6), a catch-all provision that allows modification of a judgment for "any [] reason that justifies relief," Fed. R. Civ. P 60(b)(6). <u>See, e.g.</u>, <u>McGraw v. Barnhart</u>, 450 F.3d 493, 505 (10th Cir. 2006). Pursuant to Rule 60(c)(1), such a motion "should be filed within a reasonable time of the Commissioner's decision awarding benefits." <u>Id.</u> At least two courts in this circuit have indicated approval of this strategy. <u>See</u> <u>Rose v. Barnhart</u>, No. 01 Civ. 1645, 2007 WL 549419, at *3 n.1 (S.D.N.Y. Feb. 16, 2007) ("[I]t appears, at first blush, that the Tenth Circuit's treatment of the issue in <u>McGraw</u> is procedurally the most valid."); <u>Allen</u>, 2012 WL 1596661, at *4.

Here, Ms. Greenberg filed her application thirty-eight days after the Commissioner issued the Notice of Award on October 26, 2015. (Notice of Award dated Oct. 26, 2015, attached as Exh. to Affirmation of Helen Migdon Greenberg dated Dec. 3, 2015 ("Greenberg Aff.")). While that is outside <u>Walker</u>'s fourteen-day limit, it is a reasonable amount of time under the <u>McGraw</u> regime. <u>See, e.g.</u>, <u>Cole v. Colvin</u>, No. CIV-12-483, 2015 WL 5916154, at *2 (E.D. Okla. Oct. 8, 2015) (fifty-nine days reasonable); <u>Sharp v. Colvin</u>, No. 09-1405, 2015 WL 161275, at *1-2 (D. Kan. Jan. 13,

7

2015) (fifty-five days reasonable); Beloborodyy v. Colvin, No. 11-cv-797, 2014 WL 1613095, at *1 (D. Colo. April 22, 2014) (thirty-two days reasonable); Dingman v. Colvin, No. 08 cv 2175, 2014 WL 1613046, at *1 (D. Colo. April 22, 2014) (sixty-eight days reasonable); cf. Garland, 492 F. Supp. 2d at 221-23 (nine months unreasonable). In these circumstances, where neither the Commissioner nor the plaintiff has argued that the Section 406(b) application is belated, I will deem it timely.

    C.   Amount of Fees

Section 406(b) provides a "boundary line" for awards of attorneys' fees. Gisbrecht, 535 U.S. at 807. "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id. However, the mere fact that a fee agreement adheres to the 25 percent cap does not mean that it will be enforced according to its terms. The statute requires courts to "review[] such arrangements as an independent check" -- taking into account such factors as "the character of the representation," the results achieved, and the amount of the award relative to the time spent by counsel -- to determine if "the fee sought is reasonable for the services rendered." Id. at 807-08.

Here, Ms. Greenberg apparently had an agreement with Ms. Geertgens allowing the attorney to recover $9,000 out of the past-

due benefits awarded.[2]  According to the Commissioner, Ms. Geertgen's award of past-due benefits totaled $28,329.00. (Letter of Joseph A. Pantoja dated Feb. 10, 2016 ("Comm'r Memo.") at 4 n.1).  Thus, the most Ms. Greenberg could recover is $7,082.25.[3]  As noted, however, this Court must still determine whether that amount is reasonable under the circumstances.

It is not.

Ms. Greenberg's representation of Ms. Geertgens was ineffectual at best.  Her opening brief on the merits in this case comprises three substantive pages.  There is little legal analysis; instead, the document (1) quotes sections from the Social Security

---

[2] Ms. Greenberg does not submit the fee agreement, but instead proffers an official agency form requesting approval of a fee for representing a claimant before the Social Security Administration. (Petition to Obtain Approval of a Fee for Representing a Claimant Before the Social Security Administration dated Nov. 5, 2015 ("SSA Fee Form"), attached as Exh. to Greenberg Aff.).  The form is largely irrelevant here because non-EAJA awards for attorneys representing claimants before the Social Security Administration are governed by 42 U.S.C. § 406(a), and are administered by that agency.  However, the form, which is signed by Ms. Geertgens, indicates that Ms. Greenberg's putative fee for representing Ms. Geertgens before this Court is $9,000.00.  Although the form does not state that the arrangement is contingent on an award of past-due benefits, Supreme Court precedent indicates that it should be so interpreted.  See Gisbrecht, 535 U.S. at 806-07 ("[A]ny endeavor by the claimant's attorney . . . to charge the claimant a non-contingent fee[] is a criminal offense.")).

[3] The Commissioner represents that this amount has been withheld by the Social Security Administration awaiting this Court's calculation of a reasonable fee award. (Comm'r Memo. at 4 n.1).

Handbook, while mis-citing them as provisions from the Code of Federal Regulations (Memorandum of Law in Support of Motion for Summary Judgment ("Pl. Memo.") at 2-3); (2) paraphrases section RS 00207.003 of the Social Security Administration's Program Operations Manual System (known as "POMS") -- mis-cited as POMS Section 2 (Pl. Memo. at 2);[4] (3) quotes the governing statutory sections (Pl. Memo. at 2-3); and (4) mentions three "Frequently Asked Questions" entries from the Social Security Administration's website (Pl. Memo. at 3).[5]

Ms. Greenberg's response to the Commissioner's cross-motion for judgment on the pleadings proved similarly unhelpful. The Commissioner argued that the legislative history of the relevant statutory provision supported her position and that to the extent that the provision's implementing regulation, 20 C.F.R. § 404.336(e), was ambiguous, the Court should defer to the Commissioner's interpretation under Auer v. Robbins, 519 U.S. 452 (1997). (Memorandum of Law in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Support of the Commissioner's Motion for Judgment on the Pleadings at 2-5). In opposition, Ms. Greenberg submitted a one-page affirmation "basically rest[ing] on

---

[4] The POMS is available at https://secure.ssa.gov/apps10/.

[5] Ms. Geertgens presented some of these sources to the Social Security Administration while she was proceeding pro se. (R. at 60, 62).

[the] motion for summary judgment" and citing another provision from the Social Security Handbook. (Affirmation of Helene Greenberg, undated and unsigned ("Reply Aff.")). My decision held that the regulatory history of 20 C.F.R. § 404.336(e) made it clear that "the regulation does not require a surviving divorced spouse's remarriage to have occurred after the death of the insured individual for the spouse to qualify for widow's insurance benefits." Geertgens, 2014 WL 4809944, at *3. That is, Ms. Greenberg's briefing utterly failed to engage the Commissioner's arguments or to address the basis on which my decision ultimately rests.

    Problems persisted post-judgment, as well. As noted earlier, Ms. Greenberg failed to file a timely application for fees under the EAJA, to the obvious detriment of her client: the Commissioner concedes that Ms. Greenberg would have been entitled to an award of such fees (Comm'r Memo. at 3), which would, in turn, have reduced or erased the amount of any fee award to be deducted from Ms. Geertgens' past-due benefits.

    According to her records, Ms. Greenberg invested forty-four and one-half hours handling this case. (Services Rendered for Urszula Gertgens [sic] ("Time Record"), attached as Exh. to Greenberg Aff.). Some of this time is not compensable under Section 406(b) because it was devoted to services rendered in

connection with the administrative proceedings.[6] See Gisbrecht, 535 U.S. at 794; George v. Astrue, No. 04 CV 1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) ("Section 406 does not authorize the court to award fees for services in the administrative proceedings." (quoting Burgo v. Harris, 527 F. Supp. 1157, 1158 (E.D.N.Y. 1981))). In addition, an examination the fee petition reveals that this expenditure of hours is excessive and likely exaggerated. For example, five days after Ms. Greenberg spent three hours meeting with Ms. Geertgens and "review[ing] [her] claim," she put in four hours "[r]eview[ing] [the] file" and composing a "letter with medicals to [the] Appeals Council." (Time Record at 1 (entries of Dec. 9, 2011, and Dec. 14, 2011)). But the entire Administrative Record in this case (including Ms. Greenberg's own submissions) comprises only 120 pages, a significant number of which are duplicates or non-substantive (R. at 13-20, 22-37, 63-69, 71-80); and the ensuing letter to the Appeals Council (two pages plus attachments) attaches only a fee agreement and a form appointing Ms. Greenberg as Ms. Geertgens'

---

[6] Although not compensable, work performed by an attorney at the agency level may assist the court in understanding the complexity of the case, the lawyering skills and risks involved, and the significance of the result achieved in court. See Benton v. Commissioner of Social Security, No. 03 CV 3154, 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007) (citing Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005)).

representative.[7]  (R. at 8-12).  Ms. Greenberg later consumed five hours meeting with her client, reviewing the (three-page) Appeals Council decision, and reviewing (again) the "entire file."  (Time Records at 1 (entry of June 26, 2013); R. at 3-5).  On August 30, 2013, it took Ms. Greenberg two hours to meet with her client and review a one-paragraph stipulation extending the Commissioner's time to respond to the complaint.  (Time Records at 1 (entry of Aug. 30, 2013); Stipulation dated Aug. 30, 2013, signed and entered Sept. 20, 2013).  Reviewing the Commissioner's three-page Answer cost her one hour.  (Time Records at 1 (entry of Sept. 16, 2013); Answer).  And Ms. Greenberg lavished four hours on "[r]eview[ing] [l]aw" and writing a one-page letter requesting an extension of time.  (Time Records at 1 (entry of Sept. 3, 2014); Memorandum Endorsement dated Sept. 3, 2014).  A few hours of legal research might not seem unreasonable, except that this endeavor appears to have resulted in Ms. Greenberg's one-page reply affirmation, which was devoid of legal analysis but nonetheless apparently required an entire hour to draft.  (Time Records at 1 (entry of Sept. 5, 2014); Reply Aff.).

According to the Second Circuit:

[W]here there is a contingency fee agreement in a

---

[7] Medical records were, of course, unnecessary to the resolution of this case.

>  successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.

Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).  Here the putatively contingent agreement for a payment of $9,000.00 is per se unreasonable, because that amount exceeds Section 406(b)'s cap. But even a fee of 25 percent of the past-due benefits is excessive. Ms. Greenberg's representation was both inexpert and inefficient. The plaintiff's success had little, if anything, to do with Ms. Greenberg's efforts.  And her failure to apply promptly for EAJA fees to which she would have been entitled both reflects poorly on the quality of her performance and diminishes the achieved result. See Taylor v. Heckler, 608 F. Supp. 1255, 1256-57 (D.N.J. 1985) ("Failure to seek fees from the government, rather than the client, clearly affects both the quality of counsel's performance and the result achieved, particularly if there is a substantial likelihood that the government could be held responsible for the payment of those fees."); see also Blair v. Colvin, No. 5:11-CV-404, 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) ("In determining whether the requested fees pursuant to § 406(b) are reasonable, the court is entitled to take into account counsel's failure to timely file a colorable EAJA application."); Allen, 2012 WL 1596661, at *5 (same); Benton, 2007 WL 2027320, at *2.  In short, Ms. Greenberg's

representation was sufficiently substandard to make a significant discount in the fee award appropriate. See Gisbrecht, 535 U.S. at 808 (citing Lewis v. Secretary of Health and Human Services, 707 F.2d 246, 249-50 (6th Cir. 1983)).

The Commissioner indicates that I could cut Ms. Greenberg's fees to zero because her (forfeited) EAJA fees would have exceeded even the largest allowable fees under Section 406(b). (Comm'r Memo. at 3-4); Allen, 2012 WL 1596661, at *5 (noting that "[t]o prevent plaintiffs from being penalized as a result of counsel's failures to apply for EAJA fees to which they were entitled," it is appropriate to "reduce[] the [Section 406(b)] award by an amount equal to the foregone EAJA fees"); see also, e.g., Gallo v. Astrue, No. 10 CV 1918, 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011). I shall not do that here for two reasons. First, I recognize that "social security plaintiff's attorneys make a vital contribution to advancing the interests of a vulnerable group," and that Congress passed Section 406(b) to promote access to representation by "making it easier to collect fees." Garland, 492 F. Supp. 2d at 223. Second, a form dated November 5, 2015, and filed with this application establishes that Ms. Geertgens agreed and expected to pay Ms. Greenberg for her representation before this Court. (SSA Fee Form). I will therefore award Ms. Greenberg a fee of $900.00 -- one-tenth of the amount she seeks and approximately 3.2 percent

of Ms. Geertgens' past-due benefits award. I note that, notwithstanding any prior agreement between attorney and client, it is a federal crime for an attorney to "charge[], demand[], receive[], or collect[] . . . any amount in excess of that allowed by the court." 42 U.S.C. § 406(b)(2).

Conclusion

The fee application is granted in part and denied in part. Ms. Geertgens' attorney, Ms. Greenberg, is entitled to an award of attorneys' fees in the amount of $900.00 pursuant to 42 U.S.C. § 406(b). The Social Security Administration shall provide Ms. Geertgens with the balance of the amount of past-due benefits it has withheld. No fees are awarded pursuant to the EAJA, 28 U.S.C. § 2412.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         March 15, 2016

Copies mailed this date:

Helene M. Greenberg, Esq.
Law Office of Helene Migdon Greenberg
45 Knollwood Road
Elmsford, NY 10523

Joseph A. Pantoja, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

17

Joseph A. Pantoja, Esq.
Assistant United States Attorney